IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRAYLENE A. JOHNSON | ) | |
| 534 Hugh Circle | ) | |
| Townsend, DE 19734, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| W.L. GORE & ASSOCIATES, INC. | ) | TRIAL BY JURY DEMANDED |
| 551 Paper Mill Road | ) | |
| Newark, Delaware 19711, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant W.L. Gore & Associates, Inc. ("Defendant"), by and through the undersigned

counsel, hereby gives notice that this matter has been removed, pursuant to 28 U.S.C. §§ 1331,

1441, and 1446.  The grounds for removal are as follows:

1.      Defendant seeks removal of this case from the Superior Court of the State of

Delaware in and for Kent County (the "State Court"), where this matter is now pending under the

name and style of Traylene A. Johnson v. W.L. Gore & Associates, Inc., C.A. No. 08C-05-055

RBY (the "State Action").

2.      Plaintiff instituted this action in the State Court on June 27, 2008.  Defendant first

obtained a copy of the complaint on or about July 1, 2008.

3.      No further proceedings in this matter have been had in the State Court. A copy of

the Complaint and Summons and other documents filed therewith in the state court are attached

as Exhibit 1 pursuant to 28 U.S.C. § 1446(a).

4.      In her Complaint, Plaintiff alleges that she was terminated due to discrimination

based on race in violation of 42 U.S.C. § 1981, and that she was terminated in retaliation for

exercising her rights under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.*, in violation of the Family and Medical Leave Act.

5.     This Court has jurisdiction over this action under 28 U.S.C. § 1331, which provides in relevant part: "district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States."

6.     This Notice of Removal is being filed with this Court within 30 days of Defendant's receipt of the Complaint and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

7.     Defendant has filed a true and correct copy of the Notice of Removal with the Superior Court of the State of Delaware in and for Kent County.  A copy of the Notice is attached hereto as Exhibit 2.

WHEREFORE, Defendant respectfully requests that this action now pending against it in the Superior Court of the State of Delaware in and for Kent County, be removed therefrom to this Court and that this action be placed upon the docket of this Court for further proceedings, as though this action originally had been instituted in this Court.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Teresa A. Cheek*
Teresa A. Cheek, Esquire (No. 2657)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, DE  19899-0391
Telephone: (302) 571-6676
Facsimile: (302) 576-3286
E-mail: tcheek@ycst.com

DATE:  July 17, 2008

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 17, 2008,  I caused a copy of the foregoing Notice of

Removal to be served by United States Certified Mail, Return Receipt Requested, and by United

States Mail, postage prepaid, on the following counsel for Plaintiff:

        William D. Fletcher, Esquire
        414 South State Street
        P.O. Box 497
        Dover, DE 19903-0497

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        */s/ Teresa A. Cheek*
        Teresa A. Cheek, Esquire (No. 2657)
        The Brandywine Building, 17th Floor
        1000 West Street, P.O. Box 391
        Wilmington, DE  19899-0391
        Telephone: (302) 571-6676
        Facsimile: (302) 576-3286
        E-mail: tcheek@ycst.com

# Exhibit

# 1

EFiled:  Jun 27 2008 11:22AM EDT
Transaction ID 20430292
Case No. 08C-06-055 RBY

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

TRAYLENE A. JOHNSON,                *
                                    *
            Plaintiff,              *    C.A. No.:
                                    *
        v.                          *    **TRIAL BY JURY DEMANDED**
                                    *
W. L. GORE & ASSOCIATES, INC.,      *
a Delaware Corporation,             *
                                    *
            Defendant.              *

## COMPLAINT

1.    Plaintiff Traylene A. Johnson is a resident of the State of Delaware, residing at 534 Hugh Circle, Townsend, Delaware 19734.

2.    Defendant W. L. Gore & Associates, Inc., is a Delaware Corporation whose registered agent for service of process is W. L. Gore & Associates, Inc., 551 Paper Mill Road, Newark, Delaware 19711.

3.    Defendant is an employer within the jurisdictional coverage of the Family and Medical Leave Act (the "Act"), 29 U.S.C. §2601 *et. seq.*, and specifically as defined by 29 U.S.C. §2611(4).

4.    Plaintiff brings this action to redress the wrongs done to her by Defendant's interference with Plaintiff's rights under the Act.

5.    Plaintiff, at all times relevant to this Complaint, was an "eligible employee" as that term is defined by the Act, 29 U.S.C. §2611(2)(A), in that she had been employed by Defendant for at least 12 months, and for at least 1,250 hours of service during

the previous 12-month period, prior to her exercise of her rights under the Act. Plaintiff began employment with Defendant at its Upper Chesapeake location in Elkton, Maryland, on or about July 12, 2000.

6.   Plaintiff is an African-American female.

7.   In 2006, Plaintiff underwent surgery to remove a cyst from her breast and for a tubal ligation, and in 2007, Plaintiff underwent surgery to have a cyst removed from her ovary, both of which qualify as serious health conditions pursuant to the Act. In both cases, Plaintiff applied for and received approval for leave pursuant to the Act from Defendant, and Plaintiff was out of work for several weeks in each case.

8.   Throughout her employment, Plaintiff satisfactorily performed her job duties and received excellent evaluations. However, in the spring of 2007, despite an overall excellent evaluation, Plaintiff was informed in her evaluation that she needed to "watch" her attendance.

9.   On October 3, 2007, Plaintiff received an electronic mail communication from her superior, Area Leader Gary Joines, noting that she had had "a rough year last year with a major surgery" and that she needed to watch her attendance to make sure that it did not "become a problem in the future."

10.   In October and November 2007, Plaintiff was approved for five additional days of leave pursuant to the Act for serious health conditions.

11.   On December 3, 2007, Plaintiff received a memorandum from Mr. Joines and from Plaintiff's immediate supervisor, Joyce

Lynch, noting the five days that Plaintiff had missed for illness and stated, "we see this as the start of another continuing pattern of missed time from work." The memorandum further stated that failure to improve her attendance would "lead to [Plaintiff's] termination."

12. In February 2008, Plaintiff submitted in advance a request to use vacation time for half of her February 22, 2008 shift.

13. When Plaintiff reported to work on February 22, 2008, she initially decided not to take her previously-requested vacation due to difficulties that a newer employee, whom Plaintiff had been training, was experiencing, and she submitted her time card for the entire shift in accordance with the accepted policy and practice of Defendant. Later in the shift, however, it became apparent that Plaintiff was not needed to supervise the newer employee, and Plaintiff decided to take her previously-requested vacation for half of the shift.

14. When Plaintiff returned to work on February 24, 2008, she informed her immediate supervisor, Ms. Lynch, that her time record needed to be modified to reflect that Plaintiff had indeed taken her previously-requested vacation time for half of the February 22, 2008, shift. Ms. Lynch informed Plaintiff that she (Ms. Lynch) would complete the requested modification of the time record.

15. From March 6 to March 26, 2008, Plaintiff took additional medical leave, previously approved by Defendant, for a

serous health condition, *i.e.*, to have a tumor removed from her abdomen wall.

16.  When Plaintiff returned to work on March 26, 2008, Ms. Lynch informed Plaintiff that the area leader, Robert Dougherty (who had replaced Mr. Joines), wished to meet with her.

17.  On March 27, 2008, Plaintiff met with Mr. Dougherty and Human Resources representative Cynthia Velasco.  Mr. Dougherty and Ms. Velasco questioned Plaintiff about whether she had worked on February 22, 2008.  While Plaintiff could not initially recall whether she had worked the full shift on that date, subsequent examinations of documentation and conversations with co-workers enabled Plaintiff to recall that this was the date that she had submitted the time card for the full shift and subsequently decided to take her previously-scheduled vacation.  When Plaintiff provided these explanations to Mr. Dougherty and Ms. Velasco, they refused to accept her explanations.

18.  On March 28, 2008, Plaintiff met again with Mr. Dougherty and Ms. Velasco.  Despite Plaintiff's explanations of the events of February 22, 2008, Mr. Dougherty falsely accused Plaintiff of stealing time from Defendant, and Ms. Velasco informed Plaintiff that she was being terminated for alleged performance issues.  Upon information and belief, Defendant replaced Plaintiff as backup leader with Jordan Walls, a white male.

19.  Defendant terminated Plaintiff in retaliation for her exercise of her rights under the Act.

20. Defendant's termination of Plaintiff was also discriminatory against her on the basis of her race.

21. Defendant's proffered reasons for Plaintiff's termination were pretextual and designed to mask Defendant's discriminatory and retaliatory motivations for terminating Plaintiff.

22. The wrongful acts committed by Defendant, by and through its agents, as stated hereinabove, were willful, wanton, and committed in bad faith.

23. As a direct result of the actions of Defendant, Plaintiff has suffered damages, including but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

### COUNT I -- VIOLATION OF FAMILY MEDICAL LEAVE ACT

24. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 23 hereinabove.

25. Defendant wrongly discharged Plaintiff in retaliation for Plaintiff's exercise of her rights under the Act.

26. Defendant has wrongfully interfered with, restrained, and denied Plaintiff's exercise of her rights under the Act.

27. The wrongful acts committed by Defendant, as stated above, were willful, wanton, and committed in bad faith, and Defendant had no reasonable grounds for believing that its wrongful acts were not in violation of the Act.

28. As a direct result of the wrongful and discriminatory conduct of Defendant, Plaintiff has suffered lost wages and other damages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

(1) any and all damages provided by 29 U.S.C. §2617(a)(1), including but not limited to lost wages, salary, employment benefits, back pay, front pay, interest, liquidated damages, and any and all other available pecuniary damages;

(2) pre-judgment and post-judgment interest;

(3) attorney's fees and costs;

(4) reinstatement, if feasible, or in the alternative, front pay; and

(5) any other relief, whether legal or equitable, that this Court deems just and appropriate.

## COUNT II -- 42 U.S.C. §1981

29. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 28 hereinabove.

30. By committing the aforementioned acts, and specifically by discriminating against Plaintiff on the basis of her race, Defendant has violated 42 U.S.C. §1981.

31. As a direct result of the discriminatory conduct of Defendant, Plaintiff has suffered damages, including but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

(1) back pay, including interest;

(2) compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(3) punitive damages;

(4)  pre-judgment and post-judgment interest;

(5)  attorney's fees;

(6)  reinstatement, if feasible, or, in the alternative, front pay; and

(7)  any other relief that this Court deems just.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
WILLIAM D. FLETCHER, JR., ESQUIRE
Bar I.D. #362


BY: _____
NOEL E. PRIMOS, ESQUIRE
Bar I.D. #3124
414 South State Street
P.O. Box 497
Dover, Delaware 19903-0497
(302) 674-0140
Attorneys for Plaintiff

DATED: 6/27/08
WDF/NEP:cef

# EXHIBIT

# 2

EFiled: Jun 27 2008 11:22AM EDT
Transaction ID 20430292
Case No. 08C-06-055 RBY

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| TRAYLENE A. JOHNSON, | * | |
| | * | |
| Plaintiff, | * | C.A. No.: |
| | * | |
| v. | * | **TRIAL BY JURY DEMANDED** |
| | * | |
| W. L. GORE & ASSOCIATES, INC., | * | |
| a Delaware Corporation, | * | |
| | * | |
| Defendant. | * | |

STATE OF DELAWARE
TO THE SHERIFF OF NEW CASTLE COUNTY:
YOU ARE COMMANDED:

To summon the above-named Defendants so that, within 20 days after service hereof, Defendant, exclusive of the day of service, shall serve upon WILLIAM D. FLETCHER, JR., ESQUIRE, Plaintiff's attorney, whose address is 414 South State Street, Dover, Delaware 19901 and Answer to the Complaint (and, if the complaint contains a specific notation requiring Defendant to answer any or all allegations of the complaint by affidavit [an affidavit of demand has been filed], an affidavit of defense).

To serve upon Defendant a copy hereof and of the Complaint (and of the affidavit of demand if any has been filed by Plaintiff).

Dated: 7-1-08

PROTHONOTARY

Per Deputy

TO THE ABOVE NAMED DEFENDANT:

In case of you failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's attorney named above an Answer to the Complaint (and, if the complaint contains a specific notation requiring the Defendant to answer any or all allegations of the complaint by affidavit [an affidavit of demand has been filed], an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

PROTHONOTARY

Per Deputy

# EXHIBIT

# 3

EFiled:  Jun 27 2008 11:22AM EDT
Transaction ID 20430292
Case No. 08C-06-055 RBY

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

TRAYLENE A. JOHNSON,       *

            *

        Plaintiff,    *    C.A. No.:

            *

     v.           *    **TRIAL BY JURY DEMANDED**

            *

W. L. GORE & ASSOCIATES, INC., *

a Delaware Corporation,    *

            *

        Defendant.    *

### PLAINTIFF'S ANSWERS TO FORM 30 INTERROGATORIES

1.    Give the name and present or last known residential and employment address and telephone number of each eyewitness to the incident which is the subject matter of this litigation.

      **Answer:  Plaintiff, 534 Hugh Circle, Townsend, Delaware, 19734, (302) 378-4898, Robert Doughtery, Joyce Lynch, (302) 731-8364 and Cynthia Velasco.**

2.    Give the name and present or last know residential and employment address and telephone number of each person who has knowledge of the facts relating to the litigation.

      **Answer:  Various current and former employees of Defendant, including but not limited to Bozica Slijepcevic, (302) 455-0450, Jhnee Piner, (443) 309-5201, Chad Losley, Daniel Tice, Lancaster, Pennsylvania, (717) 529-2004, Jordan Walls, Gary Joins, Maryland Division of Unemployment, Equal Employment Opportunity Commission, Baltimore, Maryland, personnel of Schmittinger & Rodriguez, P.A., 414 S. State Street, Dover, Delaware, 19901, Dr.**

Shu, Elkton, Maryland, Dr. Mark Schiener, Elkton, Maryland, Dr. Baltazor, Elkton, Maryland and staff of Union Memorial Hospital, Baltimore, Maryland,

3.    Give the names of all persons who have been interviewed in connection with the above litigation, including the names and present or last known residential and employment addresses and telephone numbers of the persons who made said interviews and the names and present or last known residential and employment addresses and telephone numbers of persons who have the original and copies of the interviews.

**Answer:    None known to Plaintiff.**

4.    Identify all photographs, diagrams or other representations made in connection with the matter in litigation, giving the name and present or last known residential and employment addresses and telephone numbers of the persons having the original and copies thereof.  (In lieu thereof, a copy can be attached.)

**Answer:  None known to Plaintiff.**

5.    Give the names, professional addresses and telephone numbers of all expert witnesses presently retained by the party together with the dates of any written opinions prepared by said expert.  If an expert is not presently retained, describe by type the experts whom the party expects to retain in connection with this litigation.

Answer:    At this time Plaintiff has not retained any experts, but reserves the right to retain experts at a later time.

6.    Give a brief description of any insurance policy, including excess coverage, that is or may be applicable to the litigation including:

(a)    The name and address of all companies insuring the risk;

(b)    The policy number;

(c)    The type of insurance;

(d)    The amounts of primary, secondary, and excess coverage.

Answer:    None known to Plaintiff.

7.    Give the names, professional addresses, and telephone numbers of all physicians, chiropractors, psychologists and physical therapists who have examined or treated you at any time during the ten year period immediately prior to the date of the incident at issue in this litigation.

Answer:    Dr. Shu, Elkton, Maryland, all other providers to be provided.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
       WILLIAM D. FLETCHER, JR.
       Bar ID No. 362

BY: _____
       NOEL E. PRIMOS
       Bar ID No. 3124
       414 S. State Street
       P.O. Box 497
       Dover, DE 19903-0497
       (302) 674-0140
       Attorneys for Plaintiff

DATED: 6/27/08
WDF/NEP/ljo

# EXHIBIT

# 4

EFiled: Jun 27 2008 11:22  EDT
Transaction ID 20430292
Case No. 08C-06-055 RBY

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

TRAYLENE A. JOHNSON,       *
                       *
         Plaintiff,    *   C.A. No.:
                       *
    v.               *   **TRIAL BY JURY DEMANDED**
                       *
W. L. GORE & ASSOCIATES, INC., *
a Delaware Corporation,    *
                       *
        Defendant.    *

## PLAINTIFF'S RESPONSE TO REQUEST TO CIVIL RULE 3(h)(1)(II) & 3(h)(1)(III)

Plaintiff, by and through her attorneys, Schmittinger & Rodriguez, P.A., hereby responds to the Request for Production required by Rule 3(h) as follows:

1.    Plaintiff is making a loss wage claim and all available and appropriate tax returns will be provided to Defendant after an Answer has been filed.

2.    Plaintiff is not making a claim for medical expenses.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
WILLIAM D. FLETCHER, JR.
Bar ID No. 362

BY: _____
NOEL E. PRIMOS
Bar ID No. 3124
414 S. State Street
P.O. Box 497
Dover, DE 19903-0497
(302) 674-0140
Attorneys for Plaintiff

DATED: 6/27/08
WDF/NEP/ljo

# EXHIBIT

# 5

EFiled: Jun 27 2008 11:22AM EDT
Transaction ID 20430292
Case No. 08C-06-055 RBY

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

TRAYLENE A. JOHNSON,             *
                                 *
                Plaintiff,       *      C.A. No.:
                                 *
        v.                       *      **TRIAL BY JURY DEMANDED**
                                 *
W. L. GORE & ASSOCIATES, INC.,   *
a Delaware Corporation,          *
                                 *
                Defendant.       *

### PLAINTIFF'S INTERROGATORIES DIRECTED TO DEFENDANT

COMES NOW Plaintiff, by and through her attorneys, Schmittinger & Rodriguez, P.A., and requests pursuant to Fed. R. Civ. P. 33 that Defendant answer fully, in writing and under oath, each of the following interrogatories, and serve such answers on Plaintiff's undersigned counsel within thirty (30) days. These interrogatories are continuing interrogatories, the answers to which are to be kept current.

### DEFINITIONS AND INSTRUCTIONS

Unless otherwise clearly indicated by the request, the following Instructions and Definitions shall apply to the Interrogatories addressed to you:

A.    The term "document" or "documents" or word or words of similar import, in the singular or plural, shall include, mean or refer to the originals, or copies if originals are no longer available, non-identical copies, and preliminary and final drafts, regardless of original or location, of any written, typed, printed, pictorial, graphic, handwritten, "Xeroxed," photocopies,

duplicated, computer generated, or electronically recorded matter of any kind, however produced or reproduced, in your possession, custody, or control or to which you have access, including but not limited to: job applications, letters, memoranda, telegrams, notes, diaries, reports, calendars, written communications, notes of meetings or conversations, papers, records, charts, studies, affidavits, statements, tabulations, surveys, analyses, graphs, presentations, slides, pamphlets or books, checks or canceled checks, bills, expense accounts, expense receipts, personal records, photographs, tape or voice recordings, motion pictures, investigative reports, computer disks, computer tapes or any other form of computer data storage and any other tangible evidence of any type.

     B.   The term "Plaintiff" shall mean and refer to Traylene Johnson, and all of her agents, attorneys, or representatives, and any other person who at any time has acted or is acting on his behalf.

     C.   The term "Defendant" shall mean and refer to W. L. Gore & Associates, Inc., and any agent, attorney, representative or any other person who at any time has acted or is acting on behalf of said Defendant.

     D.   The word "and" shall be deemed to include the word "or," and the word "or" shall be deemed to include the word "and."

     E.   When asked to "identify" a natural person, state or provide the following information for each person: his/her name, social security numbers, present or last known residential address, residential telephone number, business address, business

telephone number, business position or job title, and employer's identity.

F.    When asked to "identify" a non-natural person, state or provide the following information for each such person: its name, type of entity (e.g. corporation, partnership, etc.), principal business address and telephone number, the names and addresses of its chief executive officer or managing partners or agents and a brief description of its business.

G.    When asked to "identify" a document, describe it with particularity as to author(s), recipient(s), others who presently have copies, date, type of document (e.g. letter, memorandum, etc.) and subject matter contained within the document. Identify (as defined above) your source of all documents, and if the source is any governmental body, the identity (as described above) of the individual who provided you with the documents. If you are aware of documents which have been lost and/or destroyed, then describe to the best of your ability how and/or why, when and by whom the document was lost or destroyed, and describe the document with particularity as to author, recipient, date, type of document and content.

H.    When asked to "identify" a meeting, state or provide the following information: its date, location, identity of all persons present, identity of all documents which record, refer, or relate to the meeting, and the subject matter discussed.

I.    "Person(s)" shall refer to all entities, including but not limited to individuals, associations, companies, partnerships, joint ventures, corporations, trusts, estates, bureaus and boards.

J.    "State the factual basis," "state all facts," "describe in detail," "state your understanding," or similar phrases with respect to an allegation, contention or other reference, shall mean to state in detail those facts: (a) to the extent of your present knowledge, whatever the source; (b) which you can ascertain by a diligent search; or (c) whose probable existence is known to you although you have not yet fully apprised yourself of the truth.  If appropriate, your response may be prefaced by "It is alleged by" or "I am advised by."

When used in reference to an expert witness, in addition to the information required above, "identify," "identity," or "identification" means to furnish the following information:

1.    A brief chronological resume of the witness' educational and professional background, including the associations and societies of which he is a member;

2.    Identification of all documentary materials published by each expert within his field; and

3.    Identification of all documents examined, prepared, requested or made by each expert with respect to the present case.

K.    If any information or document requested by these discovery requests is claimed to be privileged or otherwise not discoverable, identify with specificity the information or document and state the basis for the claim of privilege or other ground for exclusion in sufficient detail so as to permit a court to adjudicate the validity of the refusal to provide the information or document; and in the case of a document, identify

all persons who have had access to such document or the information contained therein and all persons who have possession of such document.

     L.    These discovery requests are continuing in character so as to require you to file timely supplementary answers and/or responses if you obtain further or different information before trial.

**INTERROGATORIES**

    1.    Identify all persons having knowledge of the facts alleged in the pleadings, including their employment status and rank or position if employed by Defendant at any time, and, as to each person, identify the numbers of the paragraphs of the Complaint, Answer, or other pleading of which such person has knowledge.

    **ANSWER:**

    2.    Identify any and all persons whom Defendant expects to call as witnesses at trial.

    **ANSWER:**

    3.    If any of the persons referred to in Interrogatories 1 and/or 2 were employed by Defendant at one time and are no longer employed by Defendant, please give their last known addresses and telephone numbers and the names and addresses of their last known employers.

    **ANSWER:**

4.    Identify each and every expert witness that Defendant has retained or expects to retain, and for each such person indicate whether Defendant intends to call the expert to testify at trial and whether the expert has rendered a written opinion for Defendant.   If the expert has rendered such an opinion, please provide a copy to Plaintiff.

**ANSWER:**

5.    With reference to each affirmative defense raised by you in your Answer or other pleadings, state in detail what facts known to you form the basis of such affirmative defense; and identify each person who has knowledge of the facts upon which is based each affirmative defense, specifying the affirmative defense of which the witness has knowledge.

**ANSWER:**

6.    If any of the persons referred to in the preceding interrogatory are no longer employed by Defendant, please give their last known addresses and telephone numbers and the names and addresses of their last known employers.

**ANSWER:**

7.    Identify each person employed by each Defendant, who has complained to Defendant or its agents since 2001, orally or in writing, about harassment or discrimination based upon race, whether or not Defendant believes such complaints to be substantiated.

**ANSWER:**

8.    Identify each person employed by each Defendant, who has complained to Defendant or its agents since 2001, orally or in writing, about retaliation or harassment based upon the use of leave under the Family Medical Leave Act, whether or not Defendant believes such complaints to be substantiated.

**ANSWER:**

9.    Identify any document, including e-mails and other types of electronic processes, relating to any complaint identified in response to the Interrogatories 7 and/or 8.

**ANSWER:**

10.    Has Defendant ever received any oral or written complaints from third parties concerning Plaintiff's performance on the job?  If the answer to this interrogatory is in the affirmative, identify the day, date, time, and parties involved in each oral complaint and produce copies of each written complaint with the response to the accompanying request for production.

**ANSWER:**

11.    State whether Plaintiff ever received any oral or written reprimands during her employment, and with regard to the same, identify the day, date, time, and parties involved in each oral reprimand and produce copies of each written reprimand along with the response to the accompanying request for production.

**ANSWER:**


12.   State whether Defendant or anyone acting on its behalf has obtained statements (written, recorded or oral) from any persons concerning the facts alleged in the pleadings, and if so, identify fully the person making the statement, and the subject which the statement concerns.

**ANSWER:**


13.   State the name and address of each person who has been interviewed by Defendant or on Defendant's behalf concerning the facts alleged in the pleadings.

**ANSWER:**


14.   Please state Plaintiff's dates of employment with Defendant.

**ANSWER:**


15.   Please state each of Plaintiff's job title(s) and a description of each such job.

**ANSWER:**


16.   Explain in detail the amounts and nature of Plaintiff's wages, benefits, and other compensation during the period of his employment by Defendant.

**ANSWER:**

17.   State the amount paid by the Defendant on behalf of Plaintiff for fringe benefits such as health benefits, pension programs, bonus programs and insurance programs during the period of time that Plaintiff was employed by Defendant, broken down per pay period and per fringe benefit program.

ANSWER:

18.   Identify any and all job vacancies, available positions, and position hirings of Defendant, where Plaintiff was employed, from 60-days prior to Plaintiff's date of employment separation from Defendant to 6-months after Plaintiff's date of employment separation from Defendant.

ANSWER:

19.   State whether Plaintiff's position has been filled and if so, state the name, address, phone number, race, gender and age of said person(s).

ANSWER:

20.   State whether the Plaintiff ever complained of receiving discriminatory treatment on the job.  If yes, specify the nature of the complaint(s), date(s)of the complaint(s), explain what was done, if anything, in response to the complaint(s) and each person who was involved.

ANSWER:

21.   Identify any and all discrimination suits commenced

against Defendant since 2003 regarding Defendant's employment activities in Maryland and Delaware; the Court in which it was filed; the civil action number; name, work phone number and addresses of the attorneys; and whether or not releases were signed.

ANSWER:


22.    Identify any and all retaliation and/or harassment suits based upon the use of leave under the Family Medical Leave Act that commenced against Defendant since 2003 regarding Defendant's employment activities in Maryland and Delaware; the Court in which it was filed; the civil action number; name, work phone number and addresses of the attorneys; and whether or not releases were signed.

ANSWER:


23.    State the total number of employees of Defendant for each at the years 2003-2008.

ANSWER:


24.    Identify any and all employees of Defendant who have taken leave for medical-related reasons from 2003 to 2008.

ANSWER:


25.    Identify each individual who had input into the decision to terminate Plaintiff, and for each person listed, explain in detail said person's input into the decision.

ANSWER:

26.   State in full the reasons that Plaintiff was terminated.
ANSWER:

27.   Identify all persons terminated and/or laid off for the
same act or reason Plaintiff was terminated and/or laid off
between 2001 and 2008.
ANSWER:

28.   State whether any of the above persons were ever
reemployed.  If so, please state name, address, positions at
termination and/or layoff and subsequent reemployment date.
ANSWER:

29.   List the names and addresses of all Black employees, and
all other race employees who have been terminated and/or laid off
between 2001 and 2008.
ANSWER:

30.   State whether there is any job classification in
Maryland for which the company has never employed a Black person;
if the answer is affirmative, list the job classification and
state reasons.
ANSWER:

31.   State the number of Black workers that have advanced in

job qualification from one advanced designation to another since 2001 through 2008, giving the dates of advancement.

    **ANSWER:**


    32.  With respect to the person answering these interrogatories state his or her name, address, business address, business telephone number, job title, occupation, name of immediate supervisor, length of employment with Defendant and length of time in current position.

    **ANSWER:**


                    SCHMITTINGER & RODRIGUEZ, P.A

                    BY:                        
                          WILLIAM D. FLETCHER, JR.
                          Bar I.D. # 362

                    BY:                    
                          NOEL E. PRIMOS
                          Bar I.D. #3124
                          414 S. State Street
                          P.O. Box 497
                          Dover, DE 19901
                          Attorneys for Plaintiff

DATED: 6/27/08
WDF/NEP/ljo

# EXHIBIT

# 6

EFiled: Jun 27 2008 11:22 [AM EDT]
Transaction ID 20430292
Case No. 08C-06-055 RBY

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| TRAYLENE A. JOHNSON, | * | |
| | * | |
| Plaintiff, | * | C.A. No.: |
| | * | |
| v. | * | **TRIAL BY JURY DEMANDED** |
| | * | |
| W. L. GORE & ASSOCIATES, INC., | * | |
| a Delaware Corporation, | * | |
| | * | |
| Defendant. | * | |

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT

COMES NOW Plaintiff, by and through her attorneys, Schmittinger & Rodriguez, P.A., and requests Defendant to produce for examination and copying at the offices of Schmittinger & Rodriguez, P.A., 414 S. State Street, Dover, Delaware 19901, on or before thirty (30) days from the date of receipt of this request, the following items:

1.   Any and all employment files, personnel files, or other records relating to the employment of Plaintiff by Defendant, including any and all evaluations, whether formal or informal, disciplinary actions, and leave records regarding Plaintiff.

RESPONSE:


2.   Any and all correspondence, including e-mails and other types of electronic processes, or other communications between Defendant or any of its agents and Plaintiff.

RESPONSE:

3.    Any and all communications, including correspondence, internal memoranda and e-mails, between or among Defendant, any other party, or any of Defendant's agents regarding Plaintiff.

**RESPONSE:**


4.    Any and all payroll records regarding or concerning Plaintiff, including records of wages and/or salary, including raises, records of benefits, and records of taxes or other amounts withheld by Defendant.

**RESPONSE:**


5.    Plaintiff's initial application for employment.

**RESPONSE:**


6.    Any and all documents referred to in Defendant's Answers to Plaintiff's Interrogatories.

**RESPONSE:**


7.    Any and all evaluations and documents related to disciplinary actions, whether formal or informal, of Jordan Walls and Joyce Lynch.

**RESPONSE:**


8.    Any and all documents with job descriptions of any and all employment positions held by Plaintiff during her employment by Defendant.

RESPONSE:


9.   Any and all files or documents regarding charges filed
by Plaintiff with the Equal Employment Opportunity Commission
("EEOC"), including any documents submitted by or on behalf of
Defendant to the EEOC.

RESPONSE:


10.  Any and all personnel manuals or employee manuals that
were in effect during the time of Plaintiff's employment.

RESPONSE:


11.  Any and all manuals and documents related to FMLA
policies for employee distribution, and anything else regarding
employee rights and benefits.

RESPONSE:


12.  W-2 forms of Plaintiff relating to her employment with
Defendant.

RESPONSE:


13.  Any and all documents, data compilations, and tangible
things in the possession, custody, and/or control of Defendant,
including e-mail communications, that are relevant to disputed
facts alleged with particularity in the pleadings.

RESPONSE:

14.  Any and all documents, including e-mails, relating to complaints, whether written, oral or verbal, and grievances of employees of Defendant regarding discrimination or harassment on the basis of race since 2001.

RESPONSE:

15.  Any and all documents, including e-mails, relating to complaints, whether written, oral or verbal, and grievances of employees of Defendant regarding retaliation or harassment for the use of leave under the Family Medical Leave Act since 2001.

RESPONSE:

16.  Any and all documentation concerning the events as alleged in the Complaint, involving Plaintiff.

RESPONSE:

17.  Any and all documents reflecting communications between Defendant or any of its agents and the State of Maryland Division of Unemployment Insurance regarding Plaintiff.

RESPONSE:

18.  Any and all documents regarding job openings or available employment positions of Defendant, at its Elkton, Maryland location, from March 28, 2008 ongoing.

RESPONSE:

19.  Any and all documents, including e-mails, relating to

the termination of Plaintiff from her position, including but no
limited to, termination notice, and memoranda, correspondence and
e-mail between and among employees of Defendant involved with the
decision to terminate Plaintiff.

**RESPONSE:**

20.  Any and all documents identified in Defendant's Response
to Plaintiff's Interrogatories Directed to Each Defendant.

**RESPONSE:**

21.  Any reports by any person qualifying as an expert
containing opinions and/or facts upon which such opinions are
based, concerning any aspect of this litigation without any
reduction.

**RESPONSE:**

22.  Copies of any and all insurance policies, declaration
pages, endorsements, and any other documents that identify any
insurance coverage that may be applicable to any of the claims of
Plaintiff whether such coverage is designated as primary coverage,
secondary coverage, excess coverage, reinsurance or by any other
term or definition.

**RESPONSE:**

23.  Any and all documentation of any complaints of
discrimination or harassment based upon race, or retaliation and
harassment based upon the use of leave under the Family Medical

Leave Act, filed with Defendant since 2001.

**RESPONSE:**

24. Copies of any and all documentation in the possession of Defendant concerning Plaintiff's medical conditions.

**RESPONSE:**

25. Copies of any and all documentation regarding annual reports and financial statements for each Defendant, including profit and loss statements, statements of new worth, and statements of total earnings, for calendar years 2006 and 2007.

**RESPONSE:**

26. Any and all documents showing the structural organization of Defendant's operations.

**RESPONSE:**

27. Any and all documents or other items in the possession of Defendant regarding Plaintiff or relating to this litigation, including e-mails and other types of electronic processes, to the extent not produced in response to the preceding requests.

**RESPONSE:**

28. Copies of all documents identified in Defendant's Answer.

**RESPONSE:**

SCHMITTINGER & RODRIGUEZ, P.A

BY: _____
WILLIAM D. FLETCHER, JR.
Bar I.D. # 362

BY: _____
NOEL E. PRIMOS
Bar I.D. #3124
414 S. State Street,
P.O. Box 497
Dover, DE 19903-0479
Attorneys for Plaintiff

DATED: 6/27/08
WDF/NEP/ljo

EXHIBIT

7

**SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)**

EFiled: Jul 17 2008 12:24PM EDT
Transaction ID 20684553
Case No. 08C-06-055 RBY

COUNTY:    N    (K)    S        CIVIL ACTION NUMBER: 08C-06-055 RBY

| | |
|---|---|
| CAPTION: | CIVIL CASE CODE: CMIS |
| | |
| TRAYLENE A. JOHNSON | CIVIL CASE TYPE: CIVIL MISCELLANEOUS |
| 534 Hugh Circle | |
| Townsend, DE 19734, | (See Reverse Side For Code And Type) |
| Plaintiff, | |
| | NAME AND STATUS OF PARTY FILING DOCUMENT: |
| v | |
| | W.L. GORE & ASSOCIATES, INC., DEFENDANT |
| W.L. GORE & ASSOCIATES, INC. | |
| 551 Paper Mill Road | DOCUMENT TYPE: (E.G., COMPLAINT; ANSWER WITH COUNTERCLAIM) |
| Newark, Delaware 19711, | |
| Defendant. | NOTICE OF REMOVAL |
| | |
| | JURY DEMAND    YES ☒    NO ☐ |

| | |
|---|---|
| ATTORNEY NAME(S): | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS |
| TERESA A. CHEEK, ESQ. | |
| ATTORNEY ID(S): | |
| (BAR I.D. 2657) | |
| FIRM NAME: | EXPLAIN THE RELATIONSHIP(S): |
| YOUNG CONAWAY STARGATT & TAYLOR, LLP | |
| ADDRESS: | |
| THE BRANDYWINE BUILDING | |
| 1000 WEST STREET, 17TH FLOOR | |
| WILMINGTON, DELAWARE 19801 | |
| P.O. BOX 391 | |
| WILMINGTON, DELAWARE 19899-0391 | |
| TELEPHONE NUMBER: | OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: |
| (302) 571-6676 | |
| FAX NUMBER: | |
| (302) 576-3286 | |
| E-MAIL ADDRESS: | |
| TCHEEK@YCST.COM | (IF ADDITIONAL SPACE IS NEEDED PLEASE ATTACH PAGE) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR THE SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESONSIVE PLEADING BEING STRICKEN.

Revised 3/2008

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS) INSTRUCTIONS

**CIVIL CASE TYPE**
Please select the appropriate civil case code and case type (e.g., **CODE - AADM** and **TYPE - Administrative Agency**) from the list below. Enter this information in the designated spaces on the Case Information Statement

| | |
|---|---|
| **APPEALS** | **MISCELLANEOUS** |
| AADM - Administrative Agency | MAFF - Application for Forfeiture |
| ACER – Certiorari | MAAT - Appointment of Attorney |
| ACCP - Court of Common Pleas | MGAR - Appointment of Guardianship |
| AIAB - Industrial Accident Board | MCED - Cease and Desist Order |
| APSC - Public Ser No vice Commission | MCON – Civil Contempt/Capias |
| AUIB - Unemployment Insurance Appeal Board | MCVP - Civil Penalty |
| | MSOJ - Compel Satisfaction of Judgment |
| **COMPLAINTS** | MCRO - Complaint Requesting Order |
| CASB – Asbestos | MCTO - Consent Order |
| CAAA - Auto Arb Appeal * | MIND - Destruction of Indicia of Arrest |
| CMIS – Civil Miscellaneous | MHAC - Habeas Corpus |
| CACT - Class Action | MTOX - Hazardous Substance Cleanup |
| CCON – Condemnation | MFOR - Intercept of Forfeited Money |
| CDBT - Debt/Breach of Contract * | MISS - Issuance of Subpoena/Material Witness |
| CDEF - Defamation * | MMAN - Mandamus |
| CDEJ - Declaratory Judgment | MOUT - Out of State Deposition |
| CEJM - Ejectment | MROP - Petition for Return of Property |
| CATT - Foreign & Domestic Attachment | MROD - Road Resolution |
| CFJG - Foreign Judgment * | MSAM - Satisfy Mortgage |
| CFRD - Fraud Enforcement | MSEL – Sell Real Estate for Property Tax |
| CINT – Interpleader | MSEM - Set Aside Satisfaction of Mortgage |
| CLIB - Libel * | MSSS – Set Aside Sheriff's Sale |
| CMAL - Malpractice * | MSET – Structured Settlement |
| CPIN - Personal Injury * | MTAX - Tax Ditches |
| CPIA - Personal Injury Auto * | MREF - Tax Intercept |
| CPRL - Products Liability * | MLAG – Tax Lagoons |
| CPRD - Property Damage * | MVAC - Vacate Public Road |
| CRPV – Replevin | MPOS – Writ of Possession |
| CSBI - Silicone Breast Implant | MPRO – Writ of Prohibition |
| CSPD - Summary Proceedings Dispute | |
| CTAX - Tax Appeal | **MORTGAGES** |
| CCCP - Transfer from CCP * | MORT - Mortgage |
| CCHA - Transfer from Chancery * | |
| | **MECHANICS LIENS** |
| **INVOLUNTARY COMMITMENTS** | LIEN - Mechanics Lien * |
| INVC - Involuntary Commitment | |

## *Case Types Subject To Arbitration Rule 16.1 – Alternative Dispute Resolution

**DUTY OF THE PLAINTIFF**
Each plaintiff/counsel shall complete the attached Civil Case Information Statement (CIS) and file <u>with</u> the complaint.

**DUTY OF THE DEFENDANT**
Each defendant/counsel shall complete the attached Civil Case Information Statement (CIS) and file <u>with</u> the answer and/or first responsive pleading.

Revised 3/2004

# Exhibit

# 8

EFiled:  Jul 17 2008 12:24PM EDT
Transaction ID 20684553
Case No. 08C-06-055 RBY

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

|                          |     |                               |
|--------------------------|-----|-------------------------------|
| TRAYLENE A. JOHNSON      | )   |                               |
| 534 Hugh Circle          | )   |                               |
| Townsend, DE 19734,      | )   |                               |
|                          | )   |                               |
| Plaintiff,               | )   |                               |
|                          | )   |                               |
| v.                       | )   | Civil Action No. 08C-06-055 RBY |
|                          | )   |                               |
| W.L. GORE & ASSOCIATES, INC. | ) |                             |
| 551 Paper Mill Road      | )   | TRIAL BY JURY DEMANDED        |
| Newark, Delaware 19711,  | )   |                               |
|                          | )   |                               |
| Defendant.               | )   |                               |

## NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant has removed the above-captioned action to the

United States District Court for the District of Delaware.  A copy of the Notice of Removal filed

with the United States District Court for the District of Delaware on July 10, 2008, is attached as

Exhibit 1.  Service of this Notice effects removal; federal law requires that the State Court

proceed no further unless and until the case is remanded.  28 U.S.C. § 1446(d).

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Teresa A. Cheek*
Teresa A. Cheek, Esquire (No. 2657)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, DE  19899-0391
Telephone: (302) 571-6676
Facsimile: (302) 576-3286
E-mail: tcheek@ycst.com

Dated: July 17, 2008

# EXHIBIT

# 9

EFiled: Jul 17 2008 12:24PM EDT
Transaction ID 20684553
Case No. 08C-06-055 RBY

TRAYLENE A. JOHNSON                )
534 Hugh Circle                    )
Townsend, DE 19734,                )
                                   )
                    Plaintiff,     )
                                   )
          v.                       )    Civil Action No. _____
                                   )
W.L. GORE & ASSOCIATES, INC.       )    TRIAL BY JURY DEMANDED
551 Paper Mill Road                )
Newark, Delaware 19711,            )
                                   )
                    Defendant.     )

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2008, I caused a copy of the foregoing Notice of

Removal to be served by United States Certified Mail, Return Receipt Requested, and by United

States Mail, postage prepaid, on the following counsel for Plaintiff:

> William D. Fletcher, Esquire
> 414 South State Street
> P.O. Box 497
> Dover, DE 19903-0497

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Teresa A. Cheek*
Teresa A. Cheek, Esquire (No. 2657)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6676
Facsimile: (302) 576-3286
E-mail: tcheek@ycst.com

# EXHIBIT

# 10

EFiled: Jul 17 2008 12:24PM EDT
Transaction ID 20684553
Case No. 08C-06-055 RBY

# EXHIBIT

# 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRAYLENE A. JOHNSON | ) | |
| 534 Hugh Circle | ) | |
| Townsend, DE 19734, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| W.L. GORE & ASSOCIATES, INC. | ) | TRIAL BY JURY DEMANDED |
| 551 Paper Mill Road | ) | |
| Newark, Delaware 19711, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Defendant W.L. Gore & Associates, Inc. ("Defendant"), by and through the undersigned

counsel, hereby gives notice that this matter has been removed, pursuant to 28 U.S.C. §§ 1331,

1441, and 1446.  The grounds for removal are as follows:

1.      Defendant seeks removal of this case from the Superior Court of the State of

Delaware in and for Kent County (the "State Court"), where this matter is now pending under the

name and style of Traylene A. Johnson v. W.L. Gore & Associates, Inc., C.A. No. 08C-05-055

RBY (the "State Action").

2.      Plaintiff instituted this action in the State Court on June 27, 2008.  Defendant first

obtained a copy of the complaint on or about July 1, 2008.

3.      No further proceedings in this matter have been had in the State Court. A copy of

the Complaint and Summons and other documents filed therewith in the state court are attached

as Exhibit 1 pursuant to 28 U.S.C. § 1446(a).

4.      In her Complaint, Plaintiff alleges that she was terminated due to discrimination

based on race in violation of 42 U.S.C. § 1981, and that she was terminated in retaliation for

exercising her rights under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.*, in violation of the Family and Medical Leave Act.

5.      This Court has jurisdiction over this action under 28 U.S.C. § 1331, which provides in relevant part: "district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States."

6.      This Notice of Removal is being filed with this Court within 30 days of Defendant's receipt of the Complaint and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

7.      Defendant has filed a true and correct copy of the Notice of Removal with the Superior Court of the State of Delaware in and for Kent County.  A copy of the Notice is attached hereto as Exhibit 2.

WHEREFORE, Defendant respectfully requests that this action now pending against it in the Superior Court of the State of Delaware in and for Kent County, be removed therefrom to this Court and that this action be placed upon the docket of this Court for further proceedings, as though this action originally had been instituted in this Court.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Teresa A. Cheek*
Teresa A. Cheek, Esquire (No. 2657)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, DE  19899-0391
Telephone: (302) 571-6676
Facsimile: (302) 576-3286
E-mail: tcheek@ycst.com

DATE:  July 17, 2008

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 17, 2008,  I caused a copy of the foregoing Notice of

Removal to be served by United States Certified Mail, Return Receipt Requested, and by United

States Mail, postage prepaid, on the following counsel for Plaintiff:

> William D. Fletcher, Esquire
> 414 South State Street
> P.O. Box 497
> Dover, DE 19903-0497

> YOUNG CONAWAY STARGATT & TAYLOR, LLP

> */s/ Teresa A. Cheek*
> Teresa A. Cheek, Esquire (No. 2657)
> The Brandywine Building, 17th Floor
> 1000 West Street, P.O. Box 391
> Wilmington, DE  19899-0391
> Telephone: (302) 571-6676
> Facsimile: (302) 576-3286
> E-mail: tcheek@ycst.com

℀JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS
Traylene A. Johnson

## DEFENDANTS
W.L. Gore & Associates, Inc.

**(b)**  County of Residence of First Listed Plaintiff   New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   New Castle
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)
William D. Fletcher, Esq.
414 South State Street  Dover, DE 19903-0497

Attorneys (If Known)
Teresa A. Cheek, Esq., Young Conaway Stargatt & Taylor
1000 West Street, Wilmington, DE 19801 (302) 571-6676

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
    Plaintiff

☒ 3  Federal Question
    (U.S. Government Not a Party)

☐ 2  U.S. Government
    Defendant

☐ 4  Diversity
    (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1  Original
    Proceeding

☒ 2  Removed from
    State Court

☐ 3  Remanded from
    Appellate Court

☐ 4  Reinstated or
    Reopened

☐ 5  Transferred from
    another district
    (specify)

☐ 6  Multidistrict
    Litigation

☐ 7  Appeal to District
    Judge from
    Magistrate
    Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1331
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE
07/10/2008

SIGNATURE OF ATTORNEY OF RECORD
*Teresa A. Cheek*

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE