IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRAYLENE A. JOHNSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   C.A. No. 1:08-cv-445-GMS |
| | ) |
| W.L. GORE AND ASSOCIATES, INC., a Delaware Corporation | )   TRIAL BY JURY DEMANDED |
| | ) |
|     Defendant. | ) |

## ANSWER

Defendant W.L. Gore and Associates, Inc. ("Defendant"), through the undersigned counsel, hereby answers Plaintiff's Complaint as follows:

    1.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and therefore denies them.

    2.    Admitted.

    3.    Admitted.

    4.    Defendant denies having engaged in any wrongdoing toward Plaintiff, and in particular denies having interfered with Plaintiff's rights under the Family and Medical Leave Act ("FMLA").

    5.    Admitted.

    6.    Admitted.

    7.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and therefore denies them, except

that it is admitted that Plaintiff was absent from work on paid medical leave during much of November and December 2006.

8. Denied as stated, except that it is admitted that because of a pattern of taking unscheduled time off, Plaintiff was advised in June 2007 to watch her attendance in the coming year and make sure that it did not become a problem. By way of further answer, Plaintiff received negative as well as positive comments regarding her performance during her tenure with Gore, was counseled on June 20, 2007 and October 3, 2007 about taking an excessive amount of unscheduled time off, and was given a final warning about excessive unscheduled time off on December 3, 2007.

9. Denied as stated, except that it is admitted that on October 3, 2007, Plaintiff's sponsor, Gary Joines, sent her an e-mail thanking her for the improvement in her attendance since their discussion about it earlier in the year, and asking her to keep up the good work.

10. Denied.

11. Denied as stated. By way of further answer, the memorandum from Gary Joines and Joyce Lynch stated:

> On 10/3/2007, Joyce Lynch and I met with you to give you feedback on your attendance. At that time, we were seeing an improvement in your attendance and challenged you to stay away from being absent from work. We explained to you that if we started to see another pattern of missed time that we would address it. We also stated in that memo that we would not start the warning process all over again.
>
> Since your last attendance memo, you have had two more occurrences of missed time. One was the week of 10/29 and the other was the week of 11/12. These two instances were for a total of 5 days. We see this as the start of another continuing pattern of missed time from work

>Attendance is an important aspect of your contribution and each time you are out it has a negative impact on the business. This is a formal notice that you must improve your attendance record. Failure to do so will lead to your termination.

12. Denied.

13. Denied, except it is admitted that on or about February 22, 2008, Plaintiff submitted a time report indicating that she had worked for the entire February 22-23 shift but instead left work less than halfway through the shift.

14. Denied.

15. Admitted.

16. Admitted.

17. Defendant admits the allegations of the first and second sentences of paragraph 17 of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 17 of the Complaint and therefore denies them. Defendant denies the allegations in the fourth sentence of paragraph 17 of the Complaint as stated, but admits that Mr. Dougherty and Ms. Velasco decided to further investigate whether Plaintiff had submitted a false time report in light of Plaintiff's statements.

18. Denied as stated. Defendant admits only that on March 28, 2008, Mr. Dougherty and Ms. Velasco informed Plaintiff that Gore was separating with her.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Defendant incorporates herein by reference its answers to paragraphs 1 through 23.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

Defendant responds to the unnumbered "WHEREFORE" paragraph in Count I, and each of its subparagraphs, by denying that Plaintiff is entitled to any of the requested relief against Defendant under any theory.

29. Defendant incorporates herein by reference its answers to paragraphs 1 through 28.

30. Denied.

31. Denied.

Defendant responds to the unnumbered "WHEREFORE" paragraph at the end of the Complaint, and each of its subparagraphs, by denying that Plaintiff is entitled to any of the requested relief against Defendant under any theory.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendant's conduct with respect to Plaintiff and the reasons for its actions were in all cases legitimate, nondiscriminatory, and nonretaliatory.

### THIRD DEFENSE

Defendant would have made the same decisions even if an impermissible purpose had been considered.

### FOURTH DEFENSE

Plaintiff is not entitled to liquidated or punitive damages with respect to any of her claims because Defendant did not engage in discriminatory or retaliatory practices, did not act with malice or in reckless or willful indifference or disregard to the legally protected rights of Plaintiff, and did not act in any other willful, egregious, vexatious, or improper manner that would support any award of punitive damages in this matter and because Defendant has made good faith efforts to comply with its duties under the law.

### FIFTH DEFENSE

Defendant reserves the right to assert that Plaintiff has failed in whole or in part to mitigate her damages.

### SIXTH DEFENSE

Defendant reserves the right to assert that some or all of Plaintiff's claims are barred by the applicable limitations period and/or were not brought in a timely manner.

### SEVENTH DEFENSE

Defendant reserves the right to assert additional affirmative defenses as they become known during the course of discovery.

WHEREFORE, Defendant respectfully requests that the Court dismiss all of Plaintiff's claims against Defendant with prejudice, enter judgment in favor of Defendant and against

Plaintiff as to each of Plaintiff's claims, award Defendant its costs and reasonable attorneys' fees, and allow Defendant such other and further relief as the Court may deem just and proper in this case.

                YOUNG CONAWAY STARGATT & TAYLOR, LLP

                */s/ Teresa A. Cheek*
                Teresa A. Cheek, Esquire (No. 2657)
                The Brandywine Building
                1000 West Street, 17th Floor
                P.O. Box 391
                Wilmington, Delaware  19899-0391
                Telephone: (302) 571-6676
                Facsimile: (302) 576-3286
                E-mail:  tcheek@ycst.com
                Attorneys for Defendant

DATED:  August 15, 2008